IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE JAMES FOSTER,
FOUNDING FATHERS OF CIVIL RIGHTS
& THEIR BENEFICIARIES,
and BLACK MEN AS A RACE,

                            ORDER

         Plaintiffs,

                          10-cv-356-bbc

    v.

THE UNITED STATES OF AMERICA.

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action in which plaintiff Lawrence James Foster, who is proceeding pro se, alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff has asked for leave to proceed <u>in forma pauperis</u> and has supported his request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

1

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, plaintiff has two dependents. His monthly income is $860, which makes his annual income $10,320. Plaintiff's balance comes to $2,920 after subtracting $3,700 for each dependent. Because plaintiff's income is well below the threshold to qualify for indigent status, he can proceed without any prepayment of fees or costs.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, because plaintiff is requesting leave to proceed without prepayment of costs, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint has multiple defects, but the most important one is that his allegations address issues beyond the power of the federal courts to solve. Although it is difficult to follow some of his allegations, the gist of his complaint seems to be that the government has not done enough to advance the position of African American men. He requests the following relief:

2

180° of turn around, to change Legislature that has been put in place in order to [illegible] my race and take away the dignity of Black Men.  To serve us and our beneficiaries duly for efforts in the Civil Rights Movement, and to Reach out to all Black men in order to secure education, training and jobs.

Of course, full racial equality is a laudable goal.  However, federal courts do not have the authority or the ability to construct broad solutions to large-scale societal problems.  Rather, the job of the judiciary is to resolve concrete legal disputes.  In fact, courts are powerless to act unless a plaintiff can show that a particular defendant is violating his rights under a particular law.  Plaintiff's concerns go far beyond that.  The problems he identifies can be resolved only through the combined efforts of all Americans outside the courtroom.  If plaintiff is interested in making a difference, he may offer his help to one of the many organizations devoted to achieving racial equality.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

Entered this 27th day of August, 2010.

BY THE COURT:
/s/
BARBARA B.  CRABB
District Judge